UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRENE HECHT, on behalf of herself and all
others similarly situated,

    Plaintiffs,

v.

MAGNANNI INC.,

    Defendant.

### Declaration of Robert D. Moody

I, Robert D. Moody, declare that I have read the foregoing instrument and the facts and information stated in it are true and correct to the best of my knowledge. I am personally acquainted with the facts stated herein.

1. Presently, I am the President, CEO and Founder of Forensic Data Services (d/b/a FDS Global) (hereafter referred to as FDS) which is based in Broward County, Florida. I am the principal investigator at FDS and frequently testify as an expert in the fields of information systems auditing, information security and computer forensics.

2. I have testified in both State and Federal Courts as an expert in the field of information systems auditing, information security and computer forensics. My CV is attached as **Exhibit A**.

3. I have experience and training in web design, layout, coding, auditing, and testing of functionality, security, and operability of websites and related content. To date, I have audited more than 800 websites including sites for major industries that operate on many different platforms.

4. In addition, I have identified websites that were both WCAG compliant as well as WCAG non-complaint. For the websites that were found to be non-compliant, Defendants have often relied on my declaration and attachments to bolster remediation efforts and effectively correct issues often faced by Defendants.

5. My company was retained by counsel for Plaintiff, Irene Hecht, to provide consulting services and to conduct an audit of a website for compliance, usability, and accessibility standards (WCAG 2.0 and 2.1) as well as general functionality analysis for disabled users.

6. In the present matter, FDS along with me as principal investigator, evaluated the website known as https://www.magnanni.com/. My evaluation was to determine if any issues existed that could not be overcome and, as such acted as barriers to Plaintiff's use of the website as a visually impaired user of the internet.

7. As part of my retention, I independently evaluated the website on May 19, 2021 and determined issues with the identified website do exist and moreover, those issues are a barrier to individuals with low to no vision.

8. Some of issues identified include the following:

    a. The company logo acts as a link designed to take the user from wherever they may be within the Defendant's website to the homepage of that site. For this website, the link is not properly labeled and where the link ("logo") will operate properly (taking the user back to the home page), the missing label prevents the user (visually impaired) to interpret the logo/link and in the case of using a screen reader, the screen reader software cannot properly interpret the logo/link effectively hiding the purpose of that link from the user.

    b. Text throughout the site is not labeled to properly interact with the screen reader. For example, text within the pop up window is not properly labeled therefore the screen reader cannot adequately relay the information to the user. The screen reader will jump to the next live link or accessible text causing the user to lose out on valuable information.

    c. Site function such as the Klarma payment plan option is not labeled the integrate with a screen reader. The learn more link associated with the payment

       information is a functioning link however, there is no proper description for this action and the user loses out on available payment options.

  d. Once a product is selected, the name of the item, the price, and its corresponding description become inaccessible. These site features are not labeled to integrate with the screen reader. This bars the user from vital information necessary to complete a purchase.

  e. The "Out of Stock" notice is not labeled to integrate with a screen reader. The lack of functionality bars the user from making a purchase without notifying the user that an error was made and that a correction is required in order to continue with the purchase.

9. As an additional evaluation step, FDS employs an automated audit program that evaluates websites for WCAG compliance. As part of its processes, the software evaluates many aspects of the website but for the purpose of this declaration, the Summary, Accessibility Validation Audit, Usability Audit and Web Standards Audit is included. A copy of the audit is provided as **Exhibit B**.

10. In addition to the usability and functionality issues identified above and in attachments, many of the identified issues also directly violate WCAG 2.0 and WCAG 2.1.

11. Taken both the independent visual review of the identified website as well as the audit process attached to this declaration. It is my expert opinion and with a high degree of scientific certainty the website, https://www.magnanni.com/ belonging to Defendant, Magnanni Inc., has defects, can and will continue to create problems for visually disabled persons, such as the Plaintiff and these defects act as a barrier to the effective use and enjoyment of the site for persons with low to no vision.

12. Accordingly, I reserve the right to update, alter, change, and delete, supplement or file an addendum to this declaration if additional material is made available to me and where such material may impact my opinion.

    Declarant further sayeth not.

Under penalty of perjury, I hereby affirm that the foregoing statements are true and correct.

Respectfully submitted on, May 21, 2021.

<i>Robert D Moody</i><br>
<b>Robert D. Moody</b>