# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IRENE HECHT, on behalf of herself and all others similarly situated,

           Plaintiff,

           v.

MAGNANNI INC.,

           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Civil Case No. 1:20-cv-05316-MKV

### REPLY MEMORANDUM OF LAW IN SUPPORT OF MAGNANNI INC'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Submitted by: Peter J. Fazio, Esq.
Aaronson Rappaport Feinstein & Deutsch, LLP
600 Third Avenue
New York, New York 10016
(212) 593-5458

## TABLE OF CONTENTS

I.   INTRODUCTION ...........................................................................................1

II.  ARGUMENT..................................................................................................1

   A.   Plaintiff's Opposition Improperly Contains New Allegations Not Pled in the Second Amended Complaint................................................................1

   B.   The "Issues" Identified in Mr. Moody's Affidavit do not Implicate Equal Access or are too Vague to Rebut. ............................................................3

   C.   Plaintiff's Expert is Unqualified and Lacks Foundation to Assert Legal Opinions. ..................................................................................................5

   D.   The Cases Relied on by Plaintiff are Distinguishable..................................7

III. CONCLUSION ..............................................................................................8

# TABLE OF AUTHORITIES

## CASES

*Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp.2d 1357, 1367 (S.D. Fla. 2001) .. 4
*Daubert v. Merrel Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) .................................................. 5
*Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 187 (2d Cir. 2006) ......................................... 3
*Guzman v. Villoldo*, 245 F.Supp.2d 388, 394 (D.P.R. 2003)........................................................ 5
*In re Colonial Ltd. Partnership Litigation*, 854 F.Supp.64, 79 (S.D. Conn. 1994)........................ 2
*Sheppard v. TCW/DW Term Trust 2000*, 938 F.Supp. 171, 178 (S.D.N.Y. 1996)......................... 2
*Morgan Distributing Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)............. 2
*Taylor v. H. Stockton-Atlanta*, 4:20-cv-00056-TWT [Docket 22] (N.D. Ga. 2020) ...................... 8
*Travelers Indem. Co. of Illinois v. 28 East 70th St. Const. Co., Inc.*, 296 F.Supp.2d 476, 486 (S.D.N.Y. 2003) ........................................................................................................... 5
*Wu v. Jensen Co.*, 345 F.Supp.3d 438, 443 (S.D.N.Y. 2018)........................................................ 7
*Wu v. Jensen-Lewis Co.*, 345 F.Supp.3d at 442 ................................................................. 7

## STATUTES

Rule 702 of the Federal Rules of Evidence ........................................................................ 5

## I. INTRODUCTION

Defendant Magnanni, Inc. ("Magnanni"), through its Motion to Dismiss and supporting papers, has conclusively shown that the barriers to access to www.magnanni.com (the "Website") alleged in Plaintiff Irene Hecht's ("Plaintiff") Second Amended Complaint ("SAC") have been permanently remedied and that there is no significant chance the purported violations will recur.

In response to Magnanni's Motion to Dismiss, Plaintiff failed to directly address or contradict any of the supporting evidence, offering only conclusory generalizations in rebuttal. Instead, Plaintiff has attempted to amend the specific allegations set forth by her own SAC by enlisting "an expert" who purports to identify new barriers to the Website. These entirely new allegations are the latest attempt by Plaintiff to hide the ball and invent new "issues" in order to keep her case alive. As these allegations are made for the first time outside of the SAC, they must not be considered in the context of a motion to dismiss. Further, Plaintiff's proffered expert lacks the experience or technical training necessary to opine on website accessibility and his declaration should not be considered for adjudication of Magnanni's motion.

## II. ARGUMENT

### A. Plaintiff's Opposition Improperly Contains New Allegations Not Pled in the Second Amended Complaint.

Instead of disputing or even addressing the facts laid out in Magnanni's Motion to Dismiss and the supporting fact specific Affidavit of Andrew Penry, Plaintiff offers only conclusory and vague statements that accessibility issues continue to exist. In her opposition Plaintiff claims, "the same [accessibility] issues continue to pervade the site" and that Plaintiff's expert supports this bold statement.

1

(Plaintiff's Opposition at p. 8.)  However, Plaintiff's "expert" does not swear to that averment nor does his Affidavit support the claim.  The accompanying affidavit fails to address the allegations raised in the SAC and squarely addressed by the Penry Affidavit and instead alleges, in a largely incomprehensible manner, entirely new alleged barriers to access not pled in the SAC Plaintiff's entire opposition, including the accompanying affidavit, fails to address the plain fact that Magnanni addressed all of the barriers to access identified in the SAC, which is a direct concession that the specific issues have been addressed.  Conceding the validity of the Penry affidavit, Plaintiff instead chose to improperly raise wholly new allegations of accessibility barriers outside of the SAC.   Such conduct is improper on a Motion to Dismiss.

New allegations introduced by a plaintiff in their opposition to a motion to dismiss and "made outside the complaint are not properly before the court on a motion to dismiss." *Sheppard v. TCW/DW Term Trust 2000*, 938 F.Supp. 171, 178 (S.D.N.Y. 1996) (quoting *In re Colonial Ltd. Partnership Litigation*, 854 F.Supp.64, 79 (S.D. Conn. 1994) citing *Morgan Distributing Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss").  The Court explicitly provided Plaintiff the opportunity to amend her pleadings to specifically address and aver the basis for liability against Magnanni.  The Court could not have been clearer and yet, Plaintiff improperly attempts to amend her averments, yet again, in the guise of the Opposition.  Plaintiff has amended her pleadings twice in this matter already and should not be allowed to further supplement in response to a Motion to Dismiss the last attempt.

2

### B. The "Issues" Identified in Mr. Moody's Affidavit do not Implicate Equal Access or are too Vague to Rebut.

Even if the Court were to consider the new and different barriers to access raised for the first time in Plaintiff's Opposition and supporting Affidavit of Andrew Penry, the Court should still grant Magnanni's Motion to Dismiss, as none of these purported issues exist as barriers to access in violation of the American with Disabilities Act (the "ADA").

Plaintiff, through Mr. Moody, contends that Magnanni's logo on the Website directs the user to the homepage when clicked, and that the action is not properly labeled when using a screen reader. (Moody Decl. at ¶ 8a.) This obfuscates the design of Magnanni's Website and the relevant law. Magnanni's Website, like virtually all websites, utilizes an image of its logo as a way to go back to its homepage. However, it does not include a label for the function of this link for visual users or nonvisual users. (Penry Reply Aff. Attached as Exhibit 2 at ¶ 5a.)[1] If an individual, visual or nonvisual, does not know that the logo acts as a link to the homepage, there are other means for them to return to the homepage. (*Ibid*.) Plaintiff's demand that a label be attached to Magnanni's logo on its Website is a demand that Plaintiff be provided access which exceeds that of the general public. Under the ADA, Magnanni must provide equal access to all persons regardless of their disability. The ADA does not, however, require disabled persons to be given enhanced or special access not afforded to others. *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 187 (2d Cir. 2006); *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp.2d 1357, 1367 (S.D. Fla. 2001) (ADA does not require a facility

---

[1] Magnanni does not include the Penry Reply Affidavit to introduce new evidence, but solely to respond to Plaintiff's new allegations raised for the first time in the Declaration of Robert Moody.

to afford a disabled customer a greater opportunity to purchase a seat than a non-disabled customer.)

Mr. Moody also claims that "text within the pop up window is not properly labeled therefore the screen reader cannot adequately relay the information to the user." (Moody Decl. at ¶ 8b.) This new allegation is too vague to address specifically. However, all text on Magnanni's Website is properly labeled and can be interpreted by screen readers. (Penry Reply Aff. at ¶ 5b.)

Mr. Moody further claims the "Klarma [sic] payment plan option" is not labeled to integrate with a screen reader. (Moody Decl. at ¶ 8c.) This window and the underlying code are not within Magnanni's control. (Penry Reply Aff. at ¶ 5c.) Klarna Bank AB ("Klarna") is a third-party company that provides online financial services for customers wishing to pay through a payment plan. There is no way for Magnanni to alter the visual or nonvisual contents of Klarna's pages. (*Ibid*.)

Mr. Moody also claims that the name of an item, its price and corresponding description become inaccessible once selected. (Moody Decl. at ¶ 8d.) This allegation is also too vague to be specifically addressed. However, Magnanni does include all relevant details of a product (including name, price, and description) on the pertinent pages. (Penry Reply Aff. at ¶ 5d.)

Mr. Moody's final contention is that the "Out of Stock" notice is not labeled and "bars the user from making a purchase without notifying the user that an error was made." (Moody Decl. at ¶ 8e.) Again, this improper allegation is vague and does not represent the functionality of Magnanni's Website. Each page that contains an out of stock item is properly labeled, does not allow a visual or non-visual user to purchase an item—as the item is out of stock—and will prompt the customer to

fill out a contact sheet to be notified when the product is available. (Penry Reply Aff. at ¶ 5e.)

The purported issues identified *for the first time* in Mr. Moody's declaration are a distraction for the Court and a hail mary attempt by Plaintiff to raise non-issues as a mechanism for escaping a proper dismissal of their frivolous case.

### C. Plaintiff's Expert is Unqualified and Lacks Foundation to Assert Legal Opinions.

Plaintiff's enlisted expert, hired only after Magnanni conclusively demonstrated that each of the allegations in her SAC were remedied and equal access to the Magnanni site afforded to Plaintiff, is not qualified to issue the opinions and improper legal conclusions contained in his un-notarized declaration.[2] The Court must reject Mr. Moody's declaration and decide Magnanni's Motion based upon the admissible evidence before it.

Under the Rule 702 of the Federal Rules of Evidence, the Court exercises a gatekeeping function over proffered expert testimony. *Travelers Indem. Co. of Illinois v. 28 East 70th St. Const. Co., Inc.*, 296 F.Supp.2d 476, 486 (S.D.N.Y. 2003). In its role as gatekeeper, the Court "must determine: (1) the qualifications of the expert by knowledge, skill, experience, training or education; (2) whether the testimony concerns scientific, technical, or other specialized knowledge; and (3) whether the testimony is such that would assist the trier of fact in determining a fact in issue. *Guzman v. Villoldo*, 245 F.Supp.2d 388, 394 (D.P.R. 2003) (citing *Daubert v. Merrel Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).) Each of these elements must be satisfied in order for a proffered expert's testimony to be properly considered.

---

[2] Mr. Moody's Declaration does not indicate that it was signed in the presence of a public notary, as required under New York law.

Plaintiff, and Mr. Moody, cannot satisfy any of these necessary elements. As an initial matter, Mr. Moody is patently unqualified to opine on issues of website accessibility. None of Mr. Moody's formally identified training or experience is relevant to website coding or accessibility, but rather is confined to the security of information systems and forensic data collection.[3] (See Moody CV attached as Exhibit A to Moody Decl.) The only relevant education Mr. Moody has received on the topic of website accessibility are a handful of vaguely titled trainings. Plaintiff does not identify who organized and provided these trainings, what the trainings entailed, or what specific material was covered in these trainings. Mr. Moody's CV also does not identify a single matter where he has served as an expert witness where website accessibility or the Americans with Disabilities Act was at issue. In sum, Mr. Moody lacks the knowledge, experience, and training to provide expert testimony in this matter.

Moreover, Mr. Moody's declaration does not include specialized or technical knowledge. His testimony discusses the website design and accessibility only at a superficial level, not including any of the technical language necessary to come to an educated evaluation let alone a decision on the identified topics. Nor does his declaration address any of the remedies or statements in the Affidavit of Andrew Penry that accompanied Magnanni's Motion to Dismiss.

Finally, Mr. Moody's declaration does not assist the Court in determining the status of Magnanni's Website and whether any barriers to accessibility exist. In addition to the vague issues raised therein for the first time addressed above, Mr. Moody relies on a third-party automated program to audit Magnanni's Website. Mr. Moody does not provide the foundation necessary to determine the program's credibility or reliability. From the scant information provided, it is entirely unclear

---

[3] By way of example, Mr. Moody's own website, fds.global, is inaccessible for visual and nonvisual users, containing broken and/or unlabeled links.

what processes the program uses to run its audits or the underlying efficacy of the data.

Accordingly, the Court should disregard Mr. Moody's declaration and rule on Magnanni's Motion to Dismiss based upon Plaintiff's allegations in her SAC and the detailed facts in the uncontested Affidavit of Andrew Penry that accompanied Magnanni's Motion to Dismiss.

### D. The Cases Relied on by Plaintiff are Distinguishable.

In support of her opposition, Plaintiff relies largely on *Wu. v. Jensen-Lewis Co.* and *Taylor v. H. Stockton-Atlanta, Inc.*, the latter of which was attached as an exhibit to the opposition. Neither case supports Plaintiff's positions.

In *Wu*, the plaintiff cited four specific barriers to access she encountered when trying to access the defendant's website. *Wu v. Jensen-Lewis Co.*, 345 F.Supp.3d 438, 443 (S.D.N.Y. 2018). After defendant brought their motion to dismiss, plaintiff again argued the barriers persisted. *Id*. Here, Plaintiff does not make the same showing. Instead, Plaintiff offers conclusory statements in her opposition that the "same issues" alleged in the SAC persist but attempts to shadow-amend her pleadings by offering new and different allegations in the Moody declaration on which her opposition relies. Further, in denying the defendant's motion to dismiss, Judge Ramos held that defendant did "not provide any affirmative showing that its current website is ADA-compliant, and will remain that way." *Wu v. Jensen-Lewis Co.*, 345 F.Supp.3d at 442. This is in stark contrast with Magnanni's Motion to Dismiss which, along with the supporting affidavit, discussed in high level detail the changes that were made to the Website which brought it into compliance, as well as the ongoing intention to remain in compliance. After all, Magnanni is in the business of selling shoes—what possible motivation would it have to preclude or minimize access to its site now that it has ensured improvements and equal access?

*Taylor v. H. Stockton-Atlanta, Inc.* is similarly unpersuasive.  In support of its motion to dismiss, the defendant argued that it had hired a third-party company to bring its website into compliance, but that the work had not been completed at the time of hearing.  *Taylor v. H. Stockton-Atlanta*, 4:20-cv-00056-TWT [Docket 22] (N.D. Ga. 2020).  There, the court held that plaintiff's case was not moot as the defendant had, by its own admission, not yet completed its remediation of website.  *Id*. at 8.  Here, Magnanni has remedied all barriers identified in Plaintiff's SAC; a wholly divergent situation than that addressed by the Court in *Taylor*.

### III.   CONCLUSION

Premised upon the foregoing, Plaintiff's Second Amended Complaint against Magnanni, Inc. should be dismissed with prejudice.

Dated:   New York, New York
         June 3, 2021

*Peter J. Fazio*

By:  Peter J. Fazio (PJF1211)
Aaronson Rappaport Feinstein & Deutsch, LLP
Attorneys for Defendant
MAGNANNI INC.
Office & P.O. Address
600 Third Avenue, 5th Floor
New York, NY  10016
(212) 593-5458

On June 3, 2021 the undersigned filed the forgoing on the Court's ECF system that sent same to all counsel of record.

*Peter J. Fazio*
Peter J. Fazio