USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IRENE HECHT, on behalf of herself
and all others similarly situated,

                  Plaintiff,

       -against-

MAGNANNI INC.,

                  Defendant.

1:20-cv-05316 (MKV)

**OPINION AND ORDER
DENYING MOTION TO DISMISS**

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Irene Hecht brings this suit, individually and on behalf of others similarly situated, alleging that a website operated by Defendant Magnanni, Inc. ("Magnanni") is not in compliance with the Americans with Disabilities Act (the "ADA"). Plaintiff asserts that Defendant's website is not fully and equally accessible to blind and visually impaired people. Defendant moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons stated herein, the motion to dismiss is DENIED.

## BACKGROUND

    The following facts are taken from the Second Amended Complaint [ECF No. 15] ("SAC"). Plaintiff's allegations are accepted as true for purposes of this motion, and all reasonable inferences are drawn in her favor. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56-57 (2d Cir. 2016).

    Plaintiff is an individual who identifies as "a blind, visually-impaired handicapped person," and therefore is "a member of a protected class of individuals under the ADA." SAC ¶¶ 18, 52. Defendant Magnanni is a footwear company that owns and operates a website, www.magnanni.com ("the Website"), which allows consumers to "access the [Defendant's]

goods and services." SAC ¶¶ 20. Plaintiff visited the Website multiple times, intending to browse and potentially purchase Magnanni's products. SAC ¶¶ 6, 22. To access the Website, Plaintiff used a "popular screen reading software called NonVisual Desktop Access" that assists the blind and visually impaired to fully access websites. SAC ¶¶ 9, 22. "[F]or screen reading software to function, the information on a website must be capable of being rendered into text" or else the blind or visually-impaired user is "unable to access the same content available to sighted users." SAC ¶¶ 10. Plaintiff alleges that the Website contains information that is not capable of being rendered into text, and therefore deprives her "full and equal access" to the Website, in violation of Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), 28 C.F.R. §§ 36.01, *et seq.* SAC ¶¶ 10, 12, 18, 45, 54. Plaintiff seeks injunctive relief under the ADA and the NYCHRL, and compensatory damages under the NYCHRL. SAC at 12-13.

Plaintiff commenced this action on July 10, 2020. [ECF No. 1]. After Defendant was served [ECF No. 5], Plaintiff amended her complaint [ECF No. 6].[1] Thereafter, Defendant appeared and sought leave to move to dismiss the action. [ECF No. 11]. The Court granted Defendant leave and directed Plaintiff to submit a letter to the Court if she intended to file a second amended complaint in response to Defendant's contemplated motion. [ECF No. 13]. Plaintiff then indicated that she would again amend her complaint, and filed the operative Second Amended Complaint. [ECF Nos. 14, 15].

Pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). [ECF No. 18]. In substance, Defendant argues that its website has

---

[1] The proof of service of the initial complaint notes that Defendant was served on July 15, 2020. [ECF No. 5]. Plaintiff amended her complaint, without leave of the Court, on October 1, 2020. [ECF No. 6]. Defendant appeared and did not challenge the untimely amendment. [ECF No. 11].

been modified in response to Plaintiff's lawsuit, and is now fully accessible to the visually impaired and is compliant with the ADA. Defendant contends that there is no live case or controversy and, as such, the Court lacks subject matter jurisdiction. Defendant filed a memorandum of law in support of its motion, attaching an affidavit in further support from an employee at the company. [ECF No. 19] ("Mem."); [ECF No 19-1] ("Penry Decl."). Plaintiff thereafter filed an opposition [ECF No. 17] ("Opp."), which included four exhibits and affidavits in support [ECF Nos. 17-1-4]. Defendant then filed a reply memorandum [ECF No. 20] ("Reply") and a reply affidavit [ECF No. 20-1] ("Penry Reply Decl.").

## **LEGAL STANDARD**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case is "properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d. Cir. 2000). Under the Article III § 2 of the United States Constitution, a federal court's jurisdiction is limited to resolving "cases and controversies" where the party invoking the jurisdiction has an existing personal interest "at all stages of review, not merely at the time the complaint is filed." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732-33 (2008).

"A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). A motion under Rule 12(b)(1) that is based solely on the allegations of the complaint is a facial challenge. *Nicholas v. Trump*, 433 F. Supp. 3d 581, 586 (S.D.N.Y. 2020). "Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the complaint and its exhibits." *Nicholas*, 433 F. Supp. 3d at 586 (quoting *Carter*, 822 F.3d at 57). "In opposition to such a motion, a plaintiff must come forward with evidence of [her] own to controvert that presented by the defendant, or may instead rely on the allegations in [the]

3

pleading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Id.*

## DISCUSSION

Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.*, and the NYCHRL.  SAC ¶¶ 18, 48, 54.[2]  Defendant contends that this suit must be dismissed because it has undertaken "remedial efforts to eliminate all barriers to access [its Website], to the extent any claimed barriers existed."  Mem. at 5.  Defendant contends that as a result no live case or controversy exists for adjudication, rendering this action moot as a matter of law.  Mem. at 8 ("Plaintiff's claims are rendered moot by Magnanni's actions which have remedied all alleged violations of the ADA with respect to the Website.").  Plaintiff rejoins that the "accessibility issues" with respect to the Website "persist to this very day."  Opp. at 8.  Title III of the ADA allows only for injunctive relief, not monetary damages. *See Brief v. Albert Einstein Coll. of Med.*, 423 F. App'x. 88, 90 (2d Cir. 2011) (Title III of the ADA "allows only for injunctive relief").  Accordingly, a claim under the ADA can become moot only if a defendant completely remedies the access barrier during the pendency of the litigation. *See Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015) (citing *Brief*, 423 F. App'x. at 90)).

In support of their respective positions, both Parties submit competing affidavits and exhibits.  [ECF No. 17-1-4; ECF No. 19-1; ECF No. 20-1].  Because Defendant's "Rule 12(b)(1) motion place[s] jurisdictional facts in dispute," the Court may "properly consider[] evidence outside the pleadings." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).  The Court therefore considers the exhibits and affidavits attached to each Parties'

---

[2] Defendant addresses only Plaintiff's claims under the ADA in its moving papers. *See generally* Mem. at 4; Reply at 2.  Because, on its papers, Defendant does not move to dismiss Plaintiff's NYCHRL claim, the Court does not address that claim in this opinion.

respective papers on this motion. *See Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69, 71 (2d Cir. 2011) (considering an affidavit submitted in response to a defendant's motion to dismiss when addressing standing). Following a review of the pleadings and materials submitted, the Court concludes that Defendant's motion must be denied.

Plaintiff first visited the Website in March 2020. SAC ¶ 22. After this lawsuit was commenced and Plaintiff amended her complaint for the first time, Defendant filed a pre-motion letter in which it stated that it had "voluntarily corrected the purported failure" and would provide "certifications of its accessibility compliance and an affidavit from Magnanni management regarding its compliance and intent to continue compliance." [ECF No. 12].[3] In a letter responding to Defendant's claims of compliance, Plaintiff wrote that she "in turn, maintains the Website absolutely continues -to this day- to include widespread barriers to access, and is not compliant with either the ADA or the NYCHRL." [ECF No. 14]. Plaintiff's Second Amended Complaint reiterated her allegations of non-compliance. SAC ¶¶ 6, 10, 12, 23, 25, 33. Thereafter, in her opposition to Defendant's motion to dismiss, Plaintiff attached an affidavit of Mr. Robert Moody, a purported expert in information system auditing, which states that the Website continues to have issues that "are a barrier to individuals with low to no vision." [ECF No. 17-1] ("Moody Decl.") ¶ 7.[4] Plaintiff also included an Audit Report reflecting a study conducted by Mr. Moody, identifying continuing accessibility issues with the website. [ECF No. 17-3]. In its reply, Defendant challenges Mr. Moody's qualifications as an expert, arguing that

---

[3] The Court notes that in support of its Motion, Defendant offers only affidavits of Mr. Andrew Penry, a "lead programmer" at Magnanni. Penry Decl. ¶ 2; Penry Reply Decl.

[4] On reply, Defendant argues that the Moody Declaration "does not indicate that it was signed in the presence of a public notary, as required under New York law." Reply at 5 n.2. Defendant does not specify to which New York law it is referring. Nonetheless, this federal court determining a question of federal jurisdiction considers the affidavit submitted by counsel and made under penalty of perjury. *See* 28 U.S.C. § 1746 (providing for unsworn declarations made under penalty of perjury).

5

under Federal Rule of Evidence 702, the Court must "exercise[] a gatekeeping function over proffered expert testimony." Reply at 5 (citing *Daubert v. Merrel Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) factors).

Upon review of the voluminous material submitted in connection with this routine motion to dismiss, the Court denies Defendant's motion. The Court notes the preliminary posture of this pre-answer motion. Defendant's rebuttal arguments with respect to expert qualifications arrive early in the potential lifespan of this litigation. Defendant's arguments hew closer to trial-ready evidentiary issues than threshold questions of jurisdictional facts. *See Walters v. Simply Skinny Ties, LLC*, 2020 U.S. Dist. LEXIS 231047, at *9 (N.D.N.Y. Dec. 9, 2020) ("[T]he procedural posture of this [ADA website] case matters: this is a pre-answer motion to dismiss, so it is a little early to be requiring formal expert disclosures.").

While the Court considers the extraneous affidavits and materials on this motion, Defendant's own submissions underscore that dismissal on the grounds of mootness at this stage would be precocious. Defendant concedes that "[s]ince the inception of this lawsuit," it has worked to "identify and correct any alleged violations, to the extent they existed." Mem. at 8; *see also* Penry Decl. ¶¶ 6, 8 ("After Magnanni was served with the Complaint in this action, I personally reviewed the allegations and purported deficiencies" and "personally [undertook] measures to ensure each deficiency alleged was either non-existent or has been remedied."). It is black-letter law that a "voluntary cessation of challenged conduct does not ordinarily render a case moot." *Knox v. Serv. Emp. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (a defendant cannot automatically moot a case by voluntarily ending the unlawful conduct). Rather, Plaintiff's request for injunctive relief under the ADA will only be deemed moot if the Defendant meets the "formidable burden" of

demonstrating that it is "absolutely clear the alleged wrongful behavior could not reasonably be expected to recur."  *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000); *Monge v. 405 Hotel LLC*, 2021 U.S. Dist. LEXIS 36039, at *21-23 (E.D.N.Y. Feb. 24, 2021) (ADA website claim not moot where defendant voluntarily updated website), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 49745 (E.D.N.Y. Mar. 15, 2021); *Walters*, 2020 U.S. Dist. LEXIS 231047, at *6-9 (same).

It is clear that the Parties vehemently disagree about whether the changes Defendant has implemented in response to this lawsuit have actually remedied the alleged ADA violation. *Compare* Mem. at 8 (Defendant's actions "have remedied all alleged violations of the ADA") *with* Opp. at 8 ("[A]ccessibility issues persist to this very day"); *compare* Penry Decl. ¶ 8 (the asserted deficiencies were "either non-existent or ha[ve] been remedied") *with* Moody Decl. ¶ 8 ("[I]ssues with the identified website do exist and moreover, those issues are a barrier to individuals with low to no vision.").  Given such factual disagreement, it is unclear at this stage if the alleged violation continues to exist or will reoccur.  *Walters*, 2020 U.S. Dist. LEXIS 231047, at *10; *Wu v. Jensen-Lewis Co.*, 345 F. Supp. 3d 438, 442-43 (S.D.N.Y. 2018) (the defendant did "not convincingly show that its new website is ADA-compliant, [and] consequently, it ha[d] not shown that the 'wrongful behavior' ha[d] permanently ceased.").  This determination comports with what appears to be the consensus of the courts in this district that have decided similar questions.  *See, e.g., Sullivan v. Study.com LLC*, 2019 WL 1299966, at *5 (S.D.N.Y. Mar. 21, 2019) (rejecting mootness argument where plaintiff identified continued barriers to accessing defendant's website); *see also Wu*, 345 F. Supp. 3d at 442 (defendant did "not provide any affirmative showing that its current website is ADA-compliant, and will remain that way, beyond asserting so and citing to the website itself"); *Del-Orden v. Bonobos, Inc.*, 2017

WL 6547902, at *11-12 (S.D.N.Y. Dec. 20, 2017); *cf. Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647 (S.D.N.Y. 2017) (claim not moot where defendant was still remediating access and where supporting affidavit provided insufficient detail to corroborate claims of compliance).

At bottom, there is a clear factual dispute regarding whether the changes the Defendant has implemented have successfully resolved Plaintiff's allegations of non-compliance, and whether the changes would continue following a termination of this lawsuit. Defendant therefore does not carry its burden to show that this matter is moot. Accordingly, the Court denies Defendant's motion to dismiss for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated herein, the Court DENIES Defendant's Motion to Dismiss for lack of subject matter jurisdiction. The Clerk of the Court respectfully is requested to terminate the motion at ECF No. 18. Defendant shall respond to the Second Amended Complaint on or before April 14, 2022.

**SO ORDERED.**

**Date:  March 31, 2022**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**